UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| PATSY SAYLOR, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| APPALACHIAN REGIONAL HEALTHCARE, ) | Electronically filed |
| INC., ) | |
| ) | |
| DEFENDANT ) | |

## NOTICE OF REMOVAL

Defendant Appalachian Regional Healthcare, Inc. ("ARH" or "Defendant"), by counsel, hereby gives notice of the removal of the instant action from Harlan Circuit Court, Harlan County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Southern Division at London, pursuant to 28 U.S.C. § 1441 et seq. Defendant bases its removal of this case on 28 U.S.C. § 1331 because Plaintiff's claims in her Complaint fall directly within the confines of Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(a); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987); Peters v. Lincoln Electric Co., 285 F.3d 456, 467-68 (6th Cir. 2002).

In support of its Notice of Removal, Defendant respectfully states as follows:

1.   On or about April 21, 2016, Plaintiff Patsy Saylor ("Plaintiff") filed a civil action captioned Patsy Saylor v. Appalachian Regional Healthcare, Inc., Case No. 16-CI-00170 ("the State Court Action"), in Harlan Circuit Court, Harlan County, Kentucky. The Complaint seeks relief for an alleged violation of ERISA; more specifically, 29 U.S.C. § 1132(a)(1)(B). (Complaint ¶¶ 11-16).

The Complaint asserts that Plaintiff is entitled to Disability Retirement Benefits under the Appalachian Regional Healthcare, Inc. Pension Plan ("Plan"), a qualified "employee benefit plan" under ERISA, 29 U.S.C. § 1002(2) and (3), and that Plaintiff was wrongfully denied her pension benefit by the Plan's "Retirement Committee." (Complaint ¶¶ 4, 8 - 16, and prayer for relief). The Complaint also alleges that ARH breached a contract with Plaintiff (e.g., the Plan) through its alleged wrongful denial of Plaintiff's Disability Retirement Benefits.

    2.    Copies of the Civil Summons and the Complaint in the State Court Action were served on ARH on May 2, 2016. Copies of the process and Complaint are attached hereto as Exhibit 1.

    3.    The State Court Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441 *et seq.*, in that:

    a.    Plaintiff was an employee of ARH and is a "participant" in the Plan pursuant to 29 U.S.C. § 1002(7). (Complaint ¶¶ 2 - 4; Exhibit to Complaint). The Plan is a qualified plan under ERISA pursuant to 29 U.S.C. § 1002(2) and (3). A copy of the Plan is attached as Exhibit 2.

    b.    Plaintiff seeks relief in the State Court Action based on an alleged wrongful denial of retirement benefits by the Plan's Retirement Committee and an alleged breach of contract based on that same denial. (Complaint ¶¶ 4, 8 - 16, and prayer for relief). 29 U.S.C. § 1132(a) states, in pertinent part, as follows:

    (a)    A civil action may be brought –

        (1)    by a participant or beneficiary –
        * * * * * * * *

>   (B)   to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

* * * * * * * *

By the plain language of her Complaint in the State Court Action, Plaintiff is seeking "to enforce [her] rights under the terms of the plan" and "to clarify [her] rights to future benefits under the terms of the plan." The express language of Plaintiff's Complaint states an alleged violation of 29 U.S.C. § 1132(a)(1)(B). As such, Plaintiff's claims fall squarely within the confines of 29 U.S.C. § 1132(a) and are removable. 29 U.S.C. § 1132(a) and (e); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987); Peters v. Lincoln Electric Co., 285 F.3d 456, 467-68 (6th Cir. 2002). To the extent Plaintiff is asserting a claim of breach of contract under Kentucky law based on an alleged wrongful denial of benefits under the Plan, such claim is completely preempted under ERISA. Id.; see also Warner v. Ford Motor Co., 46 F.3d 531, 533-34 (6th Cir. 1995) ("[I]n order to come within the [complete preemption] exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B).").

4.   Removal of the State Court Action to this Court is proper under 28 U.S.C. §§ 1441(a) and (b), and 1446(a) and (b), because the Court would have enjoyed original jurisdiction over Plaintiff's Complaint. This Notice of Removal is timely because it is filed within thirty (30) days after service of the Complaint and Summons upon ARH.

5.   True and correct copies of this Notice of Removal and the Notice of Removal Directed to State Court will be served upon Plaintiff's counsel on this date and promptly filed with

the Clerk of the Harlan Circuit Court, Harlan County, Kentucky in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes this action from Harlan Circuit Court, Harlan County, Kentucky to the United States District for the Eastern District of Kentucky, Southern Division at London.

Respectfully submitted,

SMITH & SMITH ATTORNEYS

/s/ Oliver B. Rutherford
James U. Smith III
Oliver B. Rutherford
400 North, First Trust Centre
200 South Fifth Street
Louisville, Kentucky  40202
(502) 587-0761
(502) 589-5345 - facsimile
jus@smithandsmithattorneys.com
obr@smithandsmithattorneys.com
*Counsel for Defendant Appalachian*
  *Regional Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2016, I electronically filed this *Notice of Removal* with the Clerk of the Court by using the Court's CM/ECF system which will send notice to, and served a copy of the foregoing via United States First-Class Mail, postage prepaid, upon:

Ronald C. Cox
207 East Central Street
Harlan, Kentucky 40831
*Counsel for Plaintiff*

      /s/ Oliver B. Rutherford
Smith & Smith Attorneys
400 North, First Trust Centre
200 South Fifth Street
Louisville, Kentucky  40202
(502) 587-0761
(502) 589-5345 - fax
obr@smithandsmithattorneys.com
*Counsel for Defendant Appalachian
  Regional Healthcare, Inc.*